IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
ST. JOSEPH DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                Plaintiff,<br><br>v.<br><br>STEVE A. MCBEE,<br>[DOB: 03/07/1972]<br><br>                Defendant. | Case No.   24-00241-01-CR-W-SRB<br><br>**COUNT ONE:**<br>*(False Statement in Connection with Federal Crop Insurance)*<br>18 U.S.C. §§ 1014 and 2<br>NMT: 30 Years' Imprisonment<br>NMT: $1,000,000 Fine<br>NMT: 5 Years' Supervised Release<br>Class B Felony<br><br>**FORFEITURE ALLEGATION**<br><br>$100 Mandatory Special Assessment on Each Count |

INFORMATION

THE UNITED STATES ATTORNEY CHARGES THAT:

**Introduction**

1. The United States Department of Agriculture (USDA) is a department of the United States that was established to support the production of agriculture. Congress passed the Federal Crop Insurance Act (FCIA) "to promote the national welfare by improving the economic stability of agriculture through a sound system of crop insurance." To carry out this purpose, Congress created the Federal Crop Insurance Corporation (FCIC), which is a wholly-owned government corporation to administer the FCIA, for the purpose of providing government insurance against unavoidable crop losses.

2. Congress authorized FCIC to utilize private insurance companies in providing crop insurance to the nation's farmers. These private insurance companies sell and service

Multiple Peril Crop Insurance (hereinafter referred to as Crop Insurance) policies to farmers. Rain and Hail is one such private insurance company.

3. The Crop Insurance program provides insurance coverage to farmers against natural crop losses. The FCIC reimburses private insurance companies for any indemnity payments made to the insured farmers, and, in accordance with the terms and conditions of a reinsurance agreement, between the FCIC and the insurance companies, the FCIC subsidizes a portion of the farmer's federal crop insurance premiums, and also reimburses the private insurance companies for their administrative costs.

4. When a claim is made for crop insurance indemnity payments, the farmer must provide the insurance company with a complete harvesting, production, and marketing record for each insured crop, and for any acreage the farmer did not insure.

## Factual Background

5. Steve A. MCBEE, defendant herein, was a resident of Gallatin, Missouri.

6. In 2018 and at all times material and relevant to this Information, MCBEE was the owner of McBee Farms, LC and Honey Creek Ranch, LLC (McBee farming operations). McBee farming operations primarily farmed land in counties located in the Western District of Missouri.

7. McBee farming operations grew corn and soybeans in 2018. McBee farming operations applied for Federal Crop insurance for corn and soybeans, through Rain and Hail, and said applications were approved.

8. McBee farming operations had an exclusive contract with Indigo Ag, Inc. (Indigo) for corn and soybeans during the 2018 crop year. The agreements between the McBee farming operations and Indigo stipulated that Indigo provided seed to McBee farming operations, and in

2

return, McBee farming operations planted, harvested, and delivered all the corn and soybeans produced in 2018 to grain elevators.

9. After the McBee farming operations' applications for insurance were approved, MCBEE submitted and signed, or directed McBee farming operation personnel to submit and sign, Acreage Reports, as required for each crop and each tract of land for which Federal Crop insurance was purchased. The Acreage Reports identified the insurable and un-insurable acreage in which McBee farming operations had a share, the date said crop was planted, and the legal description of the land.

10. In 2018, MCBEE filed claims for crop insurance indemnity payments.

11. To receive a crop insurance indemnity payment, the insured must provide complete harvesting, production, and marketing records for each insured crop, and for any crops produced on acreage which was not insured. MCBEE caused a "Proof of Loss" to be submitted for the 2018 corn and soybean crops on which he had purchased federal crop insurance.

12. Each Proof of Loss submitted by the McBee farming operations included a "Production Worksheet" in which a representative from McBee farming operations certified that the information provided in the Production Worksheet was "true and complete," that the individual signing the document understood that the crop insurance was subsidized by the Federal Crop Insurance Corporation (FCIC), and that any false claims or false statements were subject to criminal penalties.

13. Each of the Production Worksheets submitted, signed, and certified to by MCBEE, or a representative of the McBee farming operations, for 2018 corn and soybeans, falsely under-reported the total amount of corn and soybeans produced by the McBee farming operations.

14. In 2018, MCBEE submitted Production Worksheets to Rain and Hail Insurance Company and certified that the McBee Farming Operations produced a total of 340,476 bushels of corn, when in fact his farming operations had produced approximately 1,015,288 bushels of corn and concealed the production of approximately 674,812 bushels of corn.

15. MCBEE concealed the 674,812 bushels of unreported corn identified in paragraph 14 above, by:

    a. failing to disclose to crop insurance officials all the storage bins where corn was stored by McBee farming operations, and for the storage bins that were reported to crop insurance, failing to report the full amount of corn stored in each bin, thereby causing Rain and Hail to be unaware of the McBee farming operations' additional corn production.

    b. delivering corn to grain elevators in Indigo's name, rather than under McBee farming operations, which prevented crop insurance officials from knowing the full scope of the McBee farming operation's corn production because there was no documentation of the amount of corn delivered by McBee farming operations to grain elevators.

16. As a result of MCBEE's misrepresentations concerning the McBee farming operation's 2018 corn production, Rain and Hail paid MCBEE approximately $2,001,240 in federal crop insurance benefits to which MCBEE was not entitled.

17. In 2018, MCBEE submitted Production Worksheets to Rain and Hail Insurance Company and certified that the McBee Farming Operations produced a total of 190,171 bushels of soybeans, when in fact his farming operations had produced approximately 346,004 bushels of soybeans and concealed the production of approximately 155,833 bushels of soybeans.

18. MCBEE concealed the 155,833 bushels of unreported soybeans identified in paragraph 17 above, by:

    a. failing to disclose to crop insurance officials all the storage bins where soybeans were stored by McBee farming operations, and for the storage bins that were reported to crop insurance, failing to report the full amount of soybeans stored in each bin, thereby causing Rain and Hail to be unaware of the McBee farming operations' additional soybean production.

    b. delivering soybeans to grain elevators in Indigo's name, rather than under McBee farming operations, which prevented crop insurance officials from knowing the full scope of the McBee farming operation's soybean production because there was no documentation of the amount of soybeans delivered by McBee farming operations to grain elevators.

19. As a result of MCBEE's misrepresentations concerning the McBee farming operation's 2018 soybean production, Rain and Hail paid MCBEE approximately $1,278,046 in federal crop insurance benefits to which he was not entitled.

20. As a result of MCBEE's false representations to Rain and Hail, MCBEE received approximately $2,605,943 of federal crop insurance premium benefits for crop production concealed from Rain and Hail; approximately $552,980 of federal crop insurance premium subsidies to which MCBEE was not entitled; and caused FCIC to pay approximately $120,363 of administrative costs to Rain and Hail, for a total loss of $3,279,286.

## COUNT ONE
### (False Statement in Connection with Federal Crop Insurance)

21. The allegations contained in Paragraphs One through Twenty of this Information are re-alleged and incorporated by reference.

22. Beginning on approximately January 1, 2018, and continuing through approximately June 30, 2019, in the Western District of Missouri and elsewhere, the defendant, Steve A. McBee, aided and abetted by and aiding and abetting others known and unknown, knowingly made a false statement or report for the purpose of influencing in any way the action of Rain and Hail, a company reinsured by the Federal Crop Insurance Corporation, to wit: the defendant as part of his Proof of Loss to Rain and Hail for his 2018 crop year, submitted certified Production Worksheets, which falsely underreported his total 2018 corn crop by approximately 674,812 bushels and soybeans by approximately 155,833, in order to receive approximately $2,605,943 of federal crop insurance benefits; federal crop insurance premium subsidies of approximately $552,980; and caused the FCIC to pay administrative costs to Rain and Hail which the FCIC would not have paid but for the defendant's scheme to defraud the federal crop insurance program.

All in violation of Title 18, United States Code, Sections 1014 and 2.

### FORFEITURE ALLEGATION

23. By this reference the allegations contained in paragraphs One through Twenty-Two of this Information are hereby realleged and incorporated by reference for the purpose of alleging forfeiture pursuant to the provisions of Title 18, United States Code, Section 982(a)(2) and the procedures outlined in Title 21, United States Code, Section 853.

24. As a result of the offense alleged in Count One, the defendant shall forfeit to the United States all property, real and personal, constituting, or derived from proceeds traceable to the offense: including but not limited to a money judgment representing the proceeds obtained by Steve A. McBee in the scheme and offense alleged in Count One.

25. If any of the property described above as being subject to forfeiture, as a result of any act or omission of the defendant:

    (1) cannot be located upon the exercise of due diligence;

    (2) has been transferred or sold to or deposited with, a third person;

    (3) has been placed beyond the jurisdiction of the Court;

    (4) has been substantially diminished in value; or

    (5) has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States pursuant to Title 21, United States Code, Section 853(p) to seek forfeiture of any other property of Steve A. McBee up to the value of the above forfeitable property.

Teresa A. Moore
United States Attorney

By: *[signature]*
Bradley Cooper
Special Assistant United States Attorney

Dated: 11-5-2024

7

Case 4:24-cr-00241-SRB    Document 2    Filed 11/05/24    Page 7 of 7