**Steve A. McBee**

**Case No. 24-002410-01-CR-W-SRB**


**ATTACHMENT 1**


**SENTENCING MEMORANDUM**

# ADDENDUM TO THE PRESENTENCE REPORT
## UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF MISSOURI

## UNITED STATES V. STEVE A. MCBEE
## CASE NO. 24-00241-01-CR-W-SRB

September 2, 2025

The presentence report has been disclosed to the defendant and both counsel. Changes or additions that do not affect the guideline calculations have been made to paragraph 54. The numbering of paragraph 55 was removed (changed to a bullet point), which changed all subsequent paragraph numbers. The numbering of paragraph 58 was added, which again changed all subsequent paragraphs to their original number. Non-guideline changes were also made to paragraph 59.

## OBJECTIONS

The following are objections to the presentence report which may affect the guideline range:

## By the Government

None.

## By the Defendant

**Pages 7 and 8; Paragraphs, 25, 26, and 29.** Counsel for the defendant submits the following: Based on the objection to paragraph 35, a Chapter 4 reduction should be reflected pursuant to U.S.S.G. § 4C1.1 as Mr. McBee is a zero-point offender. His total offense level should be a Level 20.

**Pages 8 and 9, Paragraph 35.** Counsel for the defendant submits the following: The draft report incorrectly imposes a criminal history point pursuant to U.S.S.G. § 4A1.1(c) for a 2019 citation for the traffic infraction of consumption of alcohol while driving. The penalty informs the conclusion that the citation does not support imposition of a criminal history point: Mr. McBee was fined $150.00 for this infraction.

Nothing suggests Mr. McBee was driving improperly, violating any rules of the road, endangering anyone, or operating his vehicle in an impaired fashion, and he was not intoxicated. Missouri law defines the traffic infraction as follows:

> **577.017. Consumption of alcoholic beverages while driving — penalty.** — 1. A person commits the offense of consumption of an alcoholic beverage while driving if he or she operates a moving motor vehicle upon any public thoroughfare for vehicles, including state roads, county roads and public streets, avenues, boulevards, parkways or alleys in any municipality while consuming any alcoholic beverage.

2. The offense of consumption of an alcoholic beverage while driving is an infraction and shall not be reflected on any records maintained by the department of revenue.

U.S.S.G. § 4A1.1(c) states one criminal history report should be assigned for a "prior sentence" not counted under sub-section (a) or (b). As reflected in Application Note 3, certain prior sentences are not counted or are only counted under certain conditions. U.S.S.G. § 4A1.2(c), in relevant part, sets forth that sentences for prior offenses, such as careless driving, disorderly conduct, driving without a license, or similar offenses, only count if the sentence involved a term of probation of more than one year or a term of imprisonment of at least thirty days. Section 4A1.2(c) also directs that sentences for certain or similar offense are never counted, including minor traffic infractions. Mr. McBee's traffic infraction resulted in a $150,00 fine.

No Eighth Circuit case, or any other federal case addresses whether a traffic ticket for driving while consuming alcohol has supported imposition of a criminal history point. Cases do confirm there is no imposition of a criminal history point for a traffic infraction. In *United States v. Gnavi*, 474 F.3d 532 (8th Cir. 2007), the 8th Circuit found that a conviction for failure to yield to an emergency vehicle was "more analogous to a minor traffic infraction" and did not warrant imposing a criminal history point for a "municipal conviction." In *United States v. Morales*, 435 F. Supp. 3d 993 (D. Minn. 2020), the court found that failure to provide proof of insurance is similar to driving with a revoked license.

The opinion in *United States v. Leon-Alvarez*, No. 05-CR-4126-DEO, 2008 WL 5429724 (N.D. Iowa Dec. 31, 2008), incorporated instructive language regarding § 4A1.2 exclusions:

> Indeed, as explained below, Amendment 709 confirms that the question of "similarity" under § 4A1.2(c) is a common-sense determination aimed at excluding offenses that, although not listed as excludable, are not serious enough to warrant increased punishment for a subsequent offense.

> [T]he Court again notes the minor nature of Leon's prior offense, as reflected in the sentence of five hours jail and fine of $40 he received. This extremely light sentence suggests a low level of culpability and low predictive capacity for future criminality.

> For Leon, a finding by this Court that the 1993 conviction must be counted would mean 23 additional months of prison-nearly two years of additional prison time for a conviction originally punished by five hours imprisonment and a $40 fine...This Court finds that Leon's 1993 offense for contributing to the delinquency of a minor is similar to the offenses listed in U.S.S.G. § 4A1.2(c)(1) and must therefore be excluded in calculating his criminal history category.

In the present case, Mr. McBee received a ticket and paid a fine, nothing more, nothing less. Yet, imposition of the criminal history point changes him from being a 53-year-old zero-point offender to someone merely in Criminal History I, an advisory range difference of 8-10 months.

To determine whether an offense is similar to an offense listed in § 4A1.2(c)(1) or (2), the 8th Circuit has adopted the test from Amendment 709, which is found in Comment 12 of U.S.S.G. § 4A1.2(c). *See United States v. Ruacho*, 746 F.3d 850, 854 (8th Cir. 2014). This similarity test provides:

In determining whether an unlisted offense is similar to an offense listed in subsection (c)(1) or (c)(2), the court should use a common sense approach that includes consideration of relevant factors such as (i) a comparison of punishments imposed for the listed and unlisted offenses; (ii) the perceived seriousness of the offense as indicated by the level of punishment; (iii) the elements of the offense; (iv) the level of culpability involved; and (v) the degree to which the commission of the offense indicates a likelihood of recurring criminal conduct.

U.S.S.G. § 4A1.2 cmt. n. 12. It is instructive and persuasive to review these factors in considering Mr. McBee's traffic infraction/citation for consuming alcohol while driving – with no allegation or charge of impairment, improper or unsafe driving or any other charge/allegation – with a resulting "sentence" of a $150.00 fine, which is akin to amending a speeding ticket to a parking ticket and paying a fine. The traffic citation and $150 fine does not support imposition of a criminal history point.

**Page 16, Paragraph 61.** Counsel for the defendant submits the following: The total offense level should be a Level 20 (33-41 months).

**Probation Officer's Response.** The Probation Office disagrees with the defendant that his conviction for consumption of alcoholic beverages while driving would only amount to a minor traffic infraction.

While defense counsel is correct that it does not appear that the Eighth Circuit Court of Appeals has yet to take up a case involving assessment of a criminal history point for violating RSMo 577.017, the Third Circuit Court of Appeals has discussed a similar matter in U.S. v. Laureano, 162 Fed.Appx. 188 (3rd Cir. 2006), wherein the defendant was convicted for violating 75 Pa.C.S.A. § 3809 (Restriction on alcoholic beverage). The defendant in said case pled guilty to operating a motor vehicle while possessing an open 22-ounce bottle of "Silver Thunder" malt liquor.

75 Pa.C.S.A. § 3809 states:

"Except as set forth in subsection (b), an individual who is an operator or an occupant in a motor vehicle may not be in possession of an open alcoholic beverage container or consume a controlled substance as defined in the act of April 14, 1972 (P.L.233, No.64),1 known as The Controlled Substance, Drug, Device and Cosmetic Act, or an alcoholic beverage in a motor vehicle while the motor vehicle is located on a highway in this Commonwealth.

(b) Exception. This section does not prohibit possession or consumption by any of the following:

(1) A passenger in the passenger area of a motor vehicle designed, maintained or used primarily for the lawful transportation of persons for compensation. This paragraph includes buses, taxis and limousines.

(2) An individual in the living quarters of a house coach or house trailer.

(c) Penalty. An individual who violates this section commits a summary offense."

3

It is noted that under Pennsylvania law, summary offenses fall below the severity of misdemeanors, and while some more serious summary offenses may carry a maximum jail sentence of up to 90 days and/or a fine of $250, a 4th degree summary offense is punishable by a maximum fine of $25.

In Laureano, the prior state conviction for possessing an open alcohol container while driving resulted in a sentence of a fine and court costs, totaling $217. His federal sentencing included 1 criminal history point for said conviction (which resulted in a 24 to 30 month custody guideline range instead of 18 to 24 months if the point was removed). In Laureano, the defendant argued that 75 Pa.C.S.A. § 3809 is, or is sufficiently similar to, a minor traffic infraction, public intoxication, or a local ordinance violation, such that it must be excluded from his guidelines calculation pursuant to §4A1.2(c). The 3rd Circuit disagreed and upheld the district court's ruling that the criminal history point applied for said conviction, stating that the defendant's prior state offense was dissimilar to the offenses in §4A1.2(c).

As such, it is believed that the one criminal history point was appropriately applied, which disqualifies the defendant from the zero-point offender reduction under §4C1.1. As such, no changes were made to the presentence report.

## OBJECTIONS

The following are objections to the presentence report which do not affect the guideline range:

### By the Government

None.

### By the Defendant

**Page 5, Paragraph 9.** Counsel for the defendant submits the following: Mr. McBee accepts responsibility for the conduct set forth in paragraph 9, and notes that within his Sentencing Memorandum he will provide contextual information to further inform the Court about the circumstances of the offense and the conduct of Mr. McBee.

**Probation Officer's Response.** The information is included here for the Court's reference.

**Pages 13, 14, and 15; Paragraph 56 (formerly Paragraph 57).** Counsel for the defendant submits the following: The vehicles listed are not property individually owned or controlled/possessed by Mr. McBee. He previously acknowledged a Kia Sportage and his personal loan amount due on that vehicle. The listing at paragraph 56 is predominantly past and current farm vehicles associated with the farm/ranch entities. There may be some prior vehicles titled, in part, to him personally, but not owned for some period of time. The list does not constitute personal assets available for sale or liquidation.

4

**Probation Officer's Response.** According to Accurint, the vehicles listed in paragraph 56 are registered to the defendant's name. No changes were made to the presentence report. The information is included here for the Court's reference.

**Page 17, Paragraph 74.** Counsel for the defendant submits the following: All sentencing factors will be addressed in Mr. McBee's Sentencing Memorandum.

**Probation Officer's Response.** The information is included here for the Court's reference.

Respectfully Submitted,

Drew C. Brown
U.S. Probation Officer

DCB:tlb
Approved:

Jeremy Thomas
Supervising U.S. Probation Officer

5